# WILLIAM H. SURRATT *v.* HENRY W. WAGNER.
## [No. 3, April Term, 1931.]

*Decided June 11th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Paul R. Hassencamp,* with whom was *Edward J. Colgan, Jr.,* on the brief, for the appellant.

*Wm. Purnell Hall,* for the appellee.

PARKE, J., delivered the opinion of the Court.

William H. Surratt, a lawyer, and Henry W. Wagner, who was in the real estate business, held the relation of attorney and client throughout a long period, which was ended by a dispute over a charge by the lawyer of $500 for pro-

fessional services. The controversy developed into a suit, which resulted in a verdict for the defendant. The errors assigned relate to the second and third prayers of the defendant, and the propriety of the granting of these two prayers is the sole inquiry on this appeal.

The plaintiff offered testimony tending to show that he had been employed by the defendant as his lawyer and in that capacity and by virtue of that employment had rendered the defendant professional services which were fairly worth the fee charged of $500. The defendant did not deny the services nor their value, but the defense was that they were rendered upon an express agreement that no fee would be charged; and, if not, that the claim had been agreed and satisfied. The plaintiff could not recover if either of these defenses were found to be true. There was testimony on the part of the defendant to support either theory. The third prayer of the defendant put the first alternative defense. In substance the prayer was that, if the jury should find that the now defendant, at the instance and request of the now plaintiff, and for his benefit, had, in consideration of the promise and undertaking of the now plaintiff that he would represent without charge said now defendant in any action brought on account of such refusal declined to account and pay to certain third parties any sum of money which said third parties were then demanding and claiming of the now defendant, the latter would not be liable to the now plaintiff for any professional services rendered in connection with a suit against the now defendant arising out of such refusal.

The second prayer presented the defense that there could be no recovery if the jury should find that the now defendant tendered, and the now plaintiff accepted, the check offered in evidence from the now defendant to the now plaintiff for the sum of $2,500 in full settlement and satisfaction of the professional services for which the action at bar was brought.

The plaintiff objects to both the third and second prayers on the ground that each prayer ignores the testimony upon which the other depends. In other words, the vice of the third prayer is its omission of all reference to the testimony

on the part of the defendant that relates to an accord and satisfaction of the plaintiff's demand, while that of the second is its exclusion of all the testimony of the defendant to the effect that it was agreed, upon consideration, that plaintiff was not to be paid for his services, and, finally, the plaintiff asserts there was error in granting both prayers, as the third and second prayer are in conflict, because by one the defense rests on an agreement to give professional labor without receiving money compensation, and, by the other, on an accord and satisfaction.

This court does not agree with these contentions. Each of the two prayers presents a separate legal proposition, which in turn depends upon the jury finding as true a particular group of facts that, while in conflict with other groups of facts, is nevertheless, when found by the jury to be true, complete and independent of all other facts. If considered separately, the prayers do not each embrace two different but conflicting propositions; nor are the two prayers inconsistent with each other, since each concerns a different legal proposition and depends upon a separate and distinct integration of mutually exclusive combinations of material facts, which to find required the jury to discredit all the conflicting or adverse testimony which bore upon the particular legal proposition of each, and, if believed, would, in each instance, defeat the right of the plaintiff to recover. So, if the jury should find the facts in either the second or third prayer to be true, the hypothesis of such prayer would not be affected if all the other facts in the case, but irrelevant to that particular prayer, would be believed by the jury. 2 *Poe, Pl. & Pr.*, sec. 301.

The defendant may at once defend an action on an express or implied contract by a refutation of the making of the agreement or by proof of a discharge by performance or by an accord and satisfaction. 1 *Poe, Pl. & Pr.*, secs. 603, 607, 667, 735-737; Code, art. 75, sec. 12. So it was a complete answer to the plaintiff's demand if his legal services were rendered to the defendant in performance of an agree-

162

ment of the parties whereby no fee was to be paid by the defendant. Again, the plaintiff could not recover if the plaintiff and defendant were in dispute about the right of the plaintiff to charge a fee, and had agreed to settle, and did settle, that and all other matters in respect to fees by the payment made by the defendant to the plaintiff of a specified sum of money. The effect of the two prayers was not to confuse, but to instruct, the jury with reference to what facts must be found to exist to sustain either of these undeniable and complete defenses to the right of recovery.

As no reversible error is found in the rulings, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*